## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCGOVERN, et al** | **:  CIVIL ACTION** |
| | : |
| **v.** | : |
| | **:  NO.  15-2312** |
| **GEICO** | : |

## ORDER-MEMORANDUM

**AND NOW**, this 14th day of May 2015, upon consideration of Defendant's Motion to Transfer Venue (ECF Doc. No. 3)[1], it is **ORDERED** that the Defendant's Motion is **DENIED**.

### *Analysis*

Defendant properly removed this case from the Philadelphia Court of Common Pleas, which is located in the Eastern District of Pennsylvania.  Venue in removal cases is governed by 28 U.S.C. § 1441(a) rather than § 1391.  *See Polizzi v. Cowles Magazine, Inc.*, 345 U.S. 663, 665-66, 73 S.Ct. 900, 97 L.Ed. 1331 (1953); *Morrison v. Lindsey Lawn & Garden, Inc.*, Civ. A. No. 13-1467, 2014 WL 831570, *2 n.4 (E.D. Pa. Mar. 4, 2014).  Section 1441(a) provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court or the United States for the district and division embracing the place where such action is pending."  Accordingly, venue is proper in this District.

Upon weighing the factors provided in 28 U.S.C. § 1404(a) and expanded upon in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), the Court finds that a transfer to the

---

[1] Plaintiffs did not timely oppose the Motion.

Southern District of New York is not warranted. In 2009, Plaintiff Mona Wilson, a Philadelphia resident, purchased an automobile insurance policy for a Jeep *Liberty* she owned but used by her daughter and son-in-law in Brooklyn, New York, located in the Eastern District of New York. She purchased this policy in a phone call from Philadelphia to Defendant's employees in Virginia.[1] (ECF Doc. No. 3, ¶ 23). Plaintiff Mona Wilson alleges she advised Defendant, and Defendant agreed, that her insurance policy covered her daughter and son-in-law as "insureds".

In June 2011, an automobile struck her bicycling son-in-law, Plaintiff Patrick McGovern, in Long Island City, New York, located in the Eastern District of New York. Mona Wilson, as the owner of the policy, sought underinsured motorist benefits for her son-in-law's injury under the policy. Defendant denied the underinsured motorist claim on Mona Wilson's policy asserting the policy language does not qualify her son-in-law as an insured. Plaintiffs sued Defendant for benefits under the policy owned by Mona Wilson and for bad faith and unjust enrichment.

Mona Wilson as the owner of the policy at issue decided to sue in Philadelphia. Her decision to file in her home forum is afforded great weight and should not be lightly disturbed. *See Piper Aircraft Co. v. Renyo*, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981) (noting that where plaintiff chooses his home forum, the choice is "entitled to greater deference"); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[P]laintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request . . . ."). *Cf. Sanders v. Ethicon, Inc.*, No. 14-7253, 2015 WL 1781572 (E.D.Pa. Apr. 16, 2015)(neither plaintiff nor defendant located in this district). Her claim regarding the interpretation of her insurance policy arose either here and in Maryland. It did not arise in the Southern District of

---

[1] Defendant is a Maryland citizen. (ECF Doc. No. 1, ¶ 6a).

New York. The convenience of the parties does not weigh in favor of transfer as the fora are geographically close. *Knights Collision Center, LLC v. AAA Mid-Atlantic, Inc.*, Civ. A. No. 09-493, 2010 WL 1141334, *4 (E.D. Pa. Mar. 25, 2010) ("Typically, where the requested forum is geographically close to the current forum, these convenience factors are not material."). Moreover, this case involves the interpretation of an insurance policy issued to a Pennsylvania resident by a Maryland company. The fact that the alleged "insureds" under a policy negotiated by a Pennsylvania resident are located in Eastern District of New York cannot justify transfer to the Southern District of New York. This case does not involve persons, property or claims in the Southern District of New York. This Court can enforce a judgment against a Maryland citizen and, if required, apply New York law. Pennsylvania has an interest in resolving insurance policy disputes involving its citizens. The totality of the *Jumara* private and public interest factors decidedly weigh in favor of retaining venue in this District.

We find Defendant has not met its burden of showing that a transfer to the Southern District of New York is appropriate.

KEARNEY, J.

3